PeaesoN, C. J.
 

 As the contract was not reduced to writing, the plaintiff is not entitled to a specific performance, but as the repairs and improvements were made with the knowledge and concurrence of the defendant, he cannot, in conscience, take the benefit, and refuse to make a proper allowance for the expenditure, unless the plaintiff has violated and .refused to abide by and perform some essential part of the contract, and thereby put himself so far in default, as justly to have incurred a forfeiture of his outlaty.
 

 To meet this equity,- the defendant alleges that he agreed to sell the piece of land at six dollars per acre,
 
 “provided, and upon the
 
 condition” that the plaintiff would,
 
 for a term of years,
 
 keep a good school at the academy, and that the plaintiff refused to teach after the first year.
 

 
 *253
 
 Upon a careful examination of the evidence, and! a full consideration of all the circumstances connected with- the transaction, we are satisfied there was no such stipulation in the sense of a condition, either subsequent or precedent, so as to form a part of the essence of the contract.
 

 "Wo have no doubt that the defendant expected the plaintiff Avould continue to teach the school, and that was one of the-inducements for selling to him, and we hav® as little doubt that the plaintiff expected to continue to'teaeh, and that was one of his inducements for buying, but suck matters of inducement are not allowed to have the effect of defeating an estate, or of preventing it from resting, and if such be the intention of the parties, it should be expressed in the shape of a condition, either in the conveyance by -which to defeat the estate, or as a positive stipulation, in default of which the contract to sell is to be void and of no effect.
 

 The estate was to be in fee simple, and the idea, that after talcing effect, it was to be defeated by force of a condition, subsequent, is no where suggested. We think the suggestion that “teaching the school for a term of years,” was a condition precedent, so that the defendant was not to execute a deed for the land, although the purchase-money was fully paid, unless the school was taught for a term of years, finds as little to rest on, either in the evidence, or in the nature of the subject matter. There is no proof that; íhe defendant agreed to take a cent less for the land in consequence of the understanding about the school. Soon after the contract, a surveyor is procured, aud the land is run off, and the notes of the surveyor retained by the parties for the purpose of having a deed drawn, and not a word is there said, giving the slightest room for an inference that the deed was not to be executed upon the payment of the purchase-money, but was to be held up until the school had been taught for a
 
 term of years.
 
 Surely, had such a condition been agreed on, it would have been put .into a more certain and definite shape. How long was the term of years to be? Hpon what terms was the plaintiff to continue to teach? Such as the defendant might choose to
 
 *254
 
 dictate ? Or such as he was receiving for his first or trial year ? Or such as the trustees of the academy might after-wards see proper to offer
 
 %
 
 In so grave a matter as a
 
 condition,
 
 we ordinarily find all these things fixed as far as the parties can do so, and if other persons are concerned, (like the trustees in this case,) they are usually consulted. In short, the matter has not a single feature of a condition, bnt resembles, in every respect, a mutual expectation operating upon, and treated by, the parties as a mere inducement, which af-terwards fails, because the plaintiff is not able to come to a satisfactory arrangement as to his salary, or the value of his services with the trustees, of whom the defendant is one, and thereupon they employ another person to take charge of the •academy.
 

 Pee. CuRíam, Decree for an account.